IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HOMESTEADERS LIFE COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 3:24-CV-0347-K |
| | § | |
| DELORES WILLIAMS, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Homesteaders Life Company's Amended Motion for Entry of Default Judgment Against Defendant Delores Williams (Doc. No. 15) and Supplement in Support (Doc. No. 18) (together, the "Motion"). The Court has carefully considered the Motion, the supporting evidence (Doc. Nos. 15-1 and 15-2), the Complaint (Doc. No. 1), other relevant portions of the record, and the applicable law. The Court **GRANTS** the Motion.

**I.   Background**

Plaintiff Homesteaders Life Company ("Plaintiff") provides products and services to promote and support the funding of advance funeral planning and end-of-life expenses. Doc. No. 1 at 2. Defendant Delores Williams ("Defendant") was an independent contractor for Plaintiff and entered into two contracts with Plaintiff, the first in June 2001 (the "First Contract") and the second in November 2012 (the "Second Contract") (together with the First Contract, the "Contracts"). *Id.* at 2-3. Among other things, the

1

Contracts "set schedules and parameters by which Defendant would receive commissions for sales based on various production schedules." *Id.* By signing the Contracts, Defendant specifically agreed to the following: "[a]ll money received by [Defendant] for the benefit of [Plaintiff] shall be paid to [Plaintiff] immediately upon receipt, and shall not be comingled with funds from any other source"; and "[i]f this Contract is terminated by [Plaintiff] on account of [Defendant's] fraud or failure to pay [Plaintiff], or any other person, any money belonging to [Plaintiff] or to any person, all commissions then due or which may thereafter accrue and which would otherwise be payable to [Defendant], shall be forfeited to [Plaintiff] …." *Id.* at 2-4; *see id.* at 3-4 (Defendant agreed to "Chargeback of Commissions" which is defined in the Contracts); *id.* at 6 (Second Contract specified that any debt liability Defendant incurred under First Contract carried over to the Second Contract). Also in the Second Contract, Defendant specifically represented that "she had no debit balance" with Plaintiff and agreed "to assume and be responsible for any and all indebtedness due and owing from [Defendant]" under either of the Contracts. *Id.* at 4.

Plaintiff notified Defendant on August 9, 2023, that she had a $21,979.12 debit balance and advised her of how she could satisfy the balance. *Id.* at 4-5. On August 15, 2023, Plaintiff terminated Defendant due to the debit balance. *Id.* at 5. By October 11, 2023, Defendant's debit balance had increased to $207,600.38 (after Plaintiff applied $1,000 of unearned commission Defendant returned to Plaintiff). *Id.* At the time the Complaint was filed, Defendant's debit balance was $215,943.53 and, pursuant to the terms of the Contracts, Defendant is required to reimburse Plaintiff the amount of the debit balance. *Id.* at 5. Other than returning $1,000 in unearned commissions, Defendant

2

has thus far failed and refused to repay her debit balance, to return the overpayment amount that she fraudulently obtained and now wrongfully retains, and has unlawfully appropriated this property that belongs to Plaintiff. *See, e.g., id.* at 6-8.

Plaintiff filed this suit against Defendant asserting Texas state law claims for breach of contract, fraud, and violation of the Texas Theft Liability Act and seeking actual damages of $215,943.53, statutory damages of $1,000, and its costs and attorneys' fees. *Id.* at 6-9. Plaintiff invokes the Court's diversity jurisdiction as Plaintiff is a citizen of Iowa and Defendant is a Texas citizen. *Id.* at 1. Plaintiff effectuated proper service on Defendant on March 14, 2024. Doc. No. 8. The record establishes that Defendant failed to answer or otherwise respond to Plaintiff's Complaint. *See also* Doc. Nos. 9 & 10. Plaintiff filed its Request for Clerk's Entry of Default on June 4, 2024 (Doc. No. 11) which the Clerk entered that same date (Doc. No. 12). Thereafter, Plaintiff filed the Motion for default judgment which the Court now addresses.

II.   Analysis

Federal Rule of Civil Procedure 55(b)(2) governs applications to the Court for default judgment. *See* FED. R. CIV. P. 55(b)(2). "[A] defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). A plaintiff moving for entry of a default judgment must establish that: (1) the defendant was served with the summons and complaint and that default was entered for its failure to appear; (2) the defendant is neither a minor nor an incompetent person; (3) the defendant is not in military service or not otherwise subject to the Soldiers and Sailors

Relief Act of 1940; and (4) if the defendant has appeared in the action, the defendant was provided with notice of the application for default judgment at least three days prior to the hearing. *See Arch Ins. Co. v. WM Masters & Assocs., Inc.*, No. 3:12-CV-2092-M, 2013 WL 145502, at *2-*3 (N.D. Tex. Jan. 14, 2013) (Lynn, J.) (citing FED. R. CIV. P. 55 and *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1070 (D. Ariz. 2006)). The plaintiff must also make a *prima facie* showing that there is "jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001).

The court may enter default judgment against a defendant and determine damages without the conducting an evidentiary hearing "where the amount claimed is a liquidated sum or one capable of mathematical calculation." *Leedo Cabinetry v. James Sales & Distrib., Inc.*, 157 F.3d 410, 414 (5th Cir. 1998) (cleaned up).

### A.    Default Judgment is Appropriate

The prerequisite elements for entering a default judgment are met. The Court finds, as a threshold matter, that Plaintiff made a *prima facie* showing that the Court has diversity jurisdiction over this matter. *See, e.g.*, Doc. No. 1 at 1. Further, the Court finds on this record that it may exercise personal jurisdiction over the parties as well. Defendant is not a minor or an incompetent person, nor is she currently serving in the military. Doc. No. 11-1 at 2; *see* FED. R. CIV. P. 55(b)(2); 50 App. U.S.C. § 521(a),(b)(1)(A)-(B)). Defendant was served with summons and a copy of the Complaint on March 14, 2024. Doc. No. 8. Despite being properly served, Defendant did not file a responsive pleading and has not

otherwise appeared in this matter.  The Clerk entered default against Defendant on June 4, 2024.  Doc. No. 12.

In determining whether to enter default judgment against Defendant, the Court also considered other relevant factors which include: "(1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) harshness of default judgment; and (6) whether the court would feel obligated to set aside a default on the defendant's motion." *Arch Ins. Co.*, 2013 WL 145502, at *3 (citing *Lindsey*, 161 F.3d at 893).  The Court concludes that default judgment is procedurally warranted here.  Because Defendant defaulted, the Court takes as true Plaintiff's well-pleaded allegations and, so, there are no material facts at issue.  *See Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).  There is no substantial prejudice to Defendant because she was properly served, the basis for default was clearly established, and the Clerk properly entered default against Defendant.  *See Joe Hand Promotions, Inc. v. 2 Tacos Bar & Grill, LLC*, Civ. Action No. 3:16-CV-1889-M, 2017 WL 373478, at *2 (N.D. Tex. 2017)(Lynn, C.J.).  Indeed, Defendant's "failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests." *Ins. Co. of the W. v. H&G Contractors, Inc.*, 2011 WL 4738197, at *3 (S.D. Tex. Oct. 5, 2011).  There is nothing before the Court suggesting that Defendant's default was the result of a good faith mistake or excusable neglect.  Further, Defendant has had more than 10 months to answer or respond to Plaintiff's Complaint and more than six months to respond to this Motion for default judgment, "which mitigates the harshness of

a default judgment." *Joe Hand*, 2017 WL 373478, at *2; *see id.* ("Entering default judgment against [the defendants], who have taken no action to respond to this action, is not 'harsh.'"). Finally, on this record, the Court is not aware of any "good cause" that exists which would require the Court to set aside the default on a motion by Defendant. *H&G Contractors*, 2011 WL 4738197, at *3.

  **B.**  **Pleadings Present Sufficient Basis for Default Judgment**

  The Court also finds that the pleadings sufficiently support a default judgment against Defendant. *See Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (instructing that, in determining whether a pleading is "well-pleaded" or "sufficient" for purposes of default judgment, the court "draw[s] meaning from the case law on Rule 8, which sets forth the standards governing the sufficiency of a complaint."). Plaintiff's factual allegations are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal quotations omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Because she did not appear or respond to Plaintiff's Complaint, Defendant has not contested any factual allegations in the Complaint and, by her default, admits as true Plaintiff's well-pleaded allegations. *See Nishimatsu Constr.*, 515 F.2d at 1206.

  To succeed on a breach of contract claim under Texas law, the plaintiff must show: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Conn. Credit I, L.P. v. TF LoanCo III, L.L.C.*, 903 F.3d 493, 499-500 (5th Cir. 2018) (internal quotations and citation omitted).

"Under Texas law the elements of fraud are (1) a material misrepresentation of a present existing fact, (2) that was false, (3) that was either known to be false when made or was asserted without knowledge of the truth, (4) that was intended to be acted upon, (5) that was relied upon, and (6) that caused injury." *Pasture Renovators, L.L.C. v. Lawson Cattle & Equip., Inc.*, 480 F. Supp. 2d 890. 893 (W.D. Tex. 2006) (citing *Carnival Leisure Indus., Ltd. v. Aubin*, 53 F.3d 716, 718 (5th Cir. 1995)).

Finally, under the Texas Theft Liability Act (the "TTLA"), "[a] person who commits theft is liable for the damages resulting from the theft." TEX. CIV. PRAC. & REM. CODE § 134.003(a); *see also Beardmore v. Jacobsen*, 131 F. Supp. 3d 656, 669 (S.D. Tex. 2015) ("The TTLA provides victims of a theft, as defined in various sections of the Texas Penal Code, with a civil action to recover damages, fees, and costs from the thief."). To establish a TTLA claim, the plaintiff must show that: "(1) the plaintiff had a possessory right to property or was the provider of services; (2) the defendant unlawfully appropriated property or unlawfully obtained services in violation of certain sections of the Penal Code; and (3) the plaintiff sustained damages as a result of the theft." *Domain Protection, LLC v. Sea Wasp, LLC*, 426 F. Supp. 3d 355, 382-83 (E.D. Tex. 2019) (internal citation omitted); *see* Tex. Penal Code § 31.03(b)(1) ("Appropriation of property is unlawful if it is without the owner's effective consent.").

The Court has taken as true Plaintiff's well-pled factual allegations (which are detailed in Section I) and has carefully considered them in light of the essential elements Plaintiff must establish for each of the Texas state law claims it asserts. The Court finds Plaintiff's well-pled allegations sufficiently support a default judgment against Defendant

on each of the three claims. *See* Doc. No. 1 at 2-6, 6-7 (breach of contract), 7-8 (fraud), 8-9 (TTLA). Accordingly, the Court finds that Plaintiff's Complaint provides a sufficient basis for entry of default judgment against Defendant for breach of contract, fraud, and violation of the TTLA. *See generally* Doc. No. 1; *see also* Doc. No. 15-2.

### C. Damages, Costs, and Attorneys' Fees

Plaintiff asks the Court to award actual damages, statutory damages, and court costs. Plaintiff seeks actual damages of $215,403.40, statutory damages of $1,000 pursuant to the TTLA, court costs of $183.00, and attorneys' fees of $9,350.00. Doc. No. 15 at 2-7; *see also* Doc. Nos. 15-1 & 18.

#### 1. Actual Damages

On this record, the Court can determine by mathematical calculation the amount of actual damages to award on default judgment without the need for an evidentiary hearing. *See James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993) (5th Cir. 1993). Plaintiff seeks the same amount in actual damages that it incurred as the result of Defendant's breach as well as the out-of-pocket damages Plaintiff suffered as the result of Defendant's fraud. Doc. No. 15 at 3; *see Waite Hill Servs., Inc. v. World Class Metal Works, Inc.*, 959 S.W.2d 182, 184 (1998) (Texas law does not permit double recovery which "exists when a plaintiff obtains more than one recovery for the same injury.").

In support of its Motion, Plaintiff provides the sworn affidavit of Tony Novak, a Collections & Contracting Specialist for Plaintiff, (the "Affidavit"). Doc. No. 18-1 at 2-8. In the Affidavit, Mr. Novak identifies the Contracts between Plaintiff and Defendant and the relevant contractual provisions to Plaintiff's claims, the debit balance amounts owed

by Defendant on specific dates, the written notifications Plaintiff sent to Defendant of said amounts, the options for repayment, and the termination of her appointment with Plaintiff, as well as the total amount Defendant owes, $215,403.40, which she has not paid as of February 4, 2025. *See generally id.* Plaintiff attached documentation to the Affidavit that supports the requested damages of $215,403.40. *Id.* at 9-104. On this record, the Court concludes that Plaintiff has sufficiently proven up its actual damages and that this amount can be determined by mathematical calculation without the need for an evidentiary hearing. The Court, therefore, finds that Plaintiff is entitled to recover $215,403.40 in actual damages from Defendant. *See Waite Hill Servs.*, 959 S.W.2d at 184 (double recovery is precluded under Texas law).

### 2. Statutory Damages

Under the TTLA, Plaintiff may recover actual damages as a result of the theft and additional damages considering the nature of the conduct (not to exceed $1,000). TEX. CIV. PRAC. & REM. CODE § 134.005(a)(1). The Court has already concluded that Plaintiff's Complaint provides a sufficient basis for entry of default judgment against Defendant on its TTLA claim and it is, therefore, the prevailing party. On this record, the Court also concludes that the nature of Defendant's conduct warrants additional damages. Accordingly, the Court awards Plaintiff additional statutory damages of $1,000.

### 3. Costs and Attorneys' Fees

"The award of attorneys' fees is governed by the law of the state whose substantive law is applied to the underlying claim." *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 614 (5th Cir. 2000) (internal quotations omitted) (*Exxon Corp. v. Burglin*, 4 F.3d 1294,

1301 (5th Cir. 1993)); *see also Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002) (in diversity cases, state law "controls both the award of and the reasonableness of the [attorneys'] fees awarded."). The Second Contract specifically provides that "[t]he prevailing party shall be entitled to recover its reasonable attorneys [sic] fees, costs, and expenses incurred in enforcing this Contract." Doc. No. 15-2 at 6. Under Texas law, "[a] person may recover reasonable attorney's fees from an individual or organization . . . , in addition to the amount of a valid claim and costs, if the claim is for ... an oral or written contract." TEX. CIV. PRAC. & REM. CODE § 38.001(8); *see Theriot v. Transamerica Life Ins. Co.*, 354 F. Supp. 3d 713, 719 (E.D. Tex. 2017) ("[A]n award of reasonable attorney's fees is mandatory under § 38.001 if the plaintiff recovers damages for a breach of contract claim."). Further, the TTLA specifically provides that the prevailing party "shall be awarded court costs and reasonable and necessary attorney's fees." TEX. CIV. PRAC. & REM. CODE § 134.005(b).

Plaintiff provided the sworn affidavit of its counsel Susan E. Egeland regarding the reasonableness of her hourly rate as well as billing records identifying the number of hours she worked and the dates on which the work was performed, as well as a description of the work performed. Doc. No. 15-1 at 13. Ms. Egeland also swears that, although the actual amount of fees incurred totals $16,114.00 (18.6 hours for Ms. Egeland and 0.7 hours for paralegals), Plaintiff voluntarily reduced the amount of attorneys' fees requested to $9,350.00 (fees incurred for 11 hours of Ms. Egeland's time only). *Id.* at 4-5. "[T]he burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the

community for similar services by lawyers of comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). On this record, the Court finds that the total requested fees of $9,350.00 are reasonable and necessary.

In addition to its attorneys' fees, Plaintiff also seeks to recover its costs of $183.00. As the prevailing party on its claims for breach of contract claim and TTLA, Plaintiff is entitled to recover its costs. The Court finds these costs are sufficiently documented, *see* Doc. No. 15-1 at 15, and, therefore, awards Plaintiff its costs of $183.00.

## IV.  Conclusion

For the reasons stated, the Court **GRANTS** Plaintiff's Motion for Default Judgment on the claims for breach of contract claim, fraud, and violation of the Texas Theft Liability Act, actual damages totaling $215,403.40, statutory damages totaling $1,000, Plaintiff's costs of $183.00, and Plaintiff's reasonable and necessary attorneys' fees totaling $9,350.00.

**SO ORDERED.**

Signed March 11th, 2025.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE

11